UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| Deric M. Thompson,<br>    Plaintiff,<br><br>v.<br><br>Lakeview Loan Servicing, LLC,<br>    Defendant. | C.A. No. 24-cv-365-MRD-LDA |

### MEMORANDUM AND ORDER

Melissa R. DuBose, United States District Judge.

Before the Court is Defendant Lakeview Loan Servicing's Motion to Dismiss (ECF No. 30) and Plaintiff Deric M. Thompson's First Amended Complaint ("FAC") (ECF No. 22). The Court reviewed Thompson's Response Opposing Defendant's Motion to Dismiss (ECF No. 31), Lakeview's Reply (ECF No. 33), and Thompson's Response Opposing Lakeview's Reply (ECF No. 34).

At the heart of this case is a foreclosure action authorized by the R.I Superior Court ("State Court"). By way of background, on or about May 3, 2019, Thompson purchased a property located at 233 Halsey Street, Woonsocket, Rhode Island ("Subject Property"). FAC at ¶ 6. The mortgage was assigned to Lakeview from Mortgage Electronic Registration Systems, Inc. ("MERS") on or around July 14, 2022. *Id.* at ¶ 13. On October 11, 2023, Lakeview Loan Servicing initiated a foreclosure action in State Court. The State Court granted Lakeview's motion for summary judgment, allowing Lakeview to proceed with the foreclosure. Approximately two

weeks after entry of the State Court order, Thompson initiated this action here in federal court. This Court must now decide if Thompson's claims should proceed to the discovery phase or if he is precluded from bringing this suit based on principles of comity and the *Rooker-Feldman* doctrine. For the following reasons, this Court GRANTS Lakeview's Motion to Dismiss and dismisses Thompson's Amended Complaint with prejudice.

I.  **BACKGROUND**

The following facts are as alleged in Thompson's FAC (ECF No. 22) and the public record in the State Court case PM-2023-05156.[1] Lakeview initiated that case by filing a Complaint to Foreclose Mortgage against Deric M. Thompson and the Bannon/Thompson Estate Trust.[2] ECF No. 30-2.

Thompson maintains that the mortgage on the Subject Property is unsecured, and that Lakeview's claim that he defaulted on the mortgage is erroneous. FAC at ¶ 6, 8. He also alleges that the foreclosure approved by the State Court was "illegal" because "no lawful consideration was ever provided" to secure the mortgage. *Id.* He further argues that the mortgage loan agreement is fraudulent and in violation of the Truth in Lending Act, and that his Fourth and Fifth Amendment rights have been violated. *Id.* at ¶ 8-10.

---

[1] It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990); *see Lydon v. Local 103, Int'l Bhd. Of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014) ("[A] judge can mull over 'documents incorporated by reference in the complaint, matters of public record, and other matters susceptible to judicial notice.'" (quoting *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) (cleaned up)).

[2] Title to the Subject Property appears to have been transferred from Deric Thompson to the Brannon Thompson Trust on July 18, 2022. ECF No. 30-4. The Complaint in PM-2023-05156 initially captioned the defendant as "Bannon," but this was corrected to "Brannon" through a Motion to Amend.

The causes of action asserted in Thompson's FAC are for trespass and quiet title. *Id.* at ¶ 15-27; 30-47. Thompson is challenging Lakeview's foreclosure on the Subject Property and is asking this Court to find that he has the right to own the property and to issue an order instructing Lakeview to cease all foreclosure proceedings as unlawful. *Id.* at ¶ 28-29. Thompson also seeks damages calculated at three times the mortgage amount, and punitive damages. *Id.* at ¶ 48-56.

## II.  DISCUSSION

Lakeview's Motion to Dismiss (ECF No. 30) asserts several grounds for dismissal, including: the lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the FAC's failure to make a short and plain statement of the claims pursuant to Fed. R. Civ. P. 8(a), its failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the failure of service under Fed. R. Civ. P. 12(b)(5), and basic principles of comity. In Thompson's memoranda opposing Lakeview's motion, he fails to address most of Lakeview's arguments and instead reasserts many of the factual allegations in the FAC.

For reasons the Court explains below, the Court's decision on Lakeview's Motion to Dismiss begins and ends with the principle of comity and its obligation to follow the *Rooker-Feldman* doctrine. The principle of comity is "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Fair Assessment in Real Estate Ass'n,*

*Inc. v. McNary*, 454 U.S. 100, 111-12 (1981) (quoting *Younger v. Harris*, 401 U.S. 37, 44-45 (1971)). This principle coexists squarely with the *Rooker-Feldman* doctrine which "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

    A.    The *Rooker-Feldman* doctrine bars this action.

The *Rooker-Feldman* doctrine implicates this Court's subject matter jurisdiction, *Exxon Mobil Corp.*, 544 U.S. at 291, a foundational premise which may be raised *sua sponte, McBee v. Delica Co., Ltd.*, 417 F.3d 107, 127 (1st Cir. 2005). In fact, the Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004) (citing *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988)); *see* Fed. R. Civ. P. 12(h)(3).

The First Circuit has previously applied the *Rooker-Feldman* doctrine to cases related to foreclosure, confining the doctrine's application to cases that meet four factors. *Klimowicz v. Deutsche Bank National Trust Co.*, 907 F.3d 61, 64-66 (1st Cir. 2018); *Silva v. Massachusetts*, 351 Fed. Appx. 450, 454 (1st Cir. 2009). A district court is barred from exercising jurisdiction over a case that meets the four factors. *Id.* at 64 (citing *Exxon Mobil Corp.*, 544 U.S. at 284). For the *Rooker-Feldman* doctrine to apply the case must: (1) be brought by a state-court losing party, (2) who is "complaining of injuries caused by state-court judgments," (3) that is "rendered before the district court proceedings commenced," and (4) "inviting district court

4

review and rejection of those judgments." *Silva*, 351 Fed. Appx. at 454 (citing *Lance*, 546 U.S. at 464; *Exxon Mobil*, 544 U.S. at 284).

Here, the facts and claims in Thompson's FAC (ECF No. 22) and the State Court proceedings in *PM-2023-05156* clearly support applying the *Rooker-Feldman* doctrine and dismissing this case for lack of subject matter jurisdiction.

1. **Thompson was the unsuccessful party in PM-2023-05156.**

Lakeview prevailed against Thompson in the foreclosure action when the State Court granted summary judgment in favor of Lakeview on September 4, 2024. ECF No. 30-3 at ¶ 2. The State Court Judgment and Order states that "Lakeview…may foreclose its mortgage encumbering the real property situated at 233 Halsey Road, Woonsocket, RI 02895." *Id.* at ¶ 4. The State Court also found "null, void and of no force or effect" twenty-two (22) entries made into the City of Woonsocket Land Evidence Records, some of which were submitted as exhibits with the FAC. *Id.* at ¶ 6a-v; ECF No. 22- 5, 6, 7. Thompson was the unsuccessful party in state court and so meets the first required factor. *See Klimowicz*, 907 F.3d at 65.

2. **Thompson is complaining of injuries caused by an Order of the Superior Court.**

Moving on to the next factor, the Court considers whether Thompson's complaint in this Court involves injuries caused by a state-court judgment. *See Exxon Mobil Corp.*, 544 U.S. at 284. Thompson's entire FAC concerns the foreclosure action in the State Court. *See generally* ECF No. 22. Thompson directly disputes the State Court's judgment by alleging that "Defendant has no standing to foreclose on the Real Property in which it has no ownership interest" and "Defendant has no right

5

to foreclose on the Property." *Id.* at ¶ 18, 20. The State Court Judgment and Order, however, concluded as a matter of law that Lakeview could properly foreclose. *See* ECF 30-3. In his Response Opposing the Motion to Dismiss (ECF No. 31) Thompson again requests that this court make a "determination that the foreclosure is invalid." ECF 31 at 4. The Court notes that Thompson's papers (ECF Nos. 22, 31, 34) repeat that the foreclosure is fraudulent, that he is the lawful owner of the property, and that this Court must determine that the foreclosure is illegal. If this Court were to grant Thompson's requested relief, it would be disturbing the State Court's Order. The claims alleged in this Court (trespass and quiet title) are clearly directly related to the injury caused by the Superior Court's Order. *See Klimowicz*, 907 F.3d at 65.

### 3. Summary Judgment was granted against Thompson prior to commencement of this suit.

Thompson initiated this case thirteen days after the State Court granted summary judgment authorizing Lakeview to proceed with the foreclosure on the Subject Property. ECF Nos. 1, 30-3. The third factor is met since the State Court granted summary judgment before the district court proceedings commenced. *See Klimowicz* at 66.

### 4. The relief sought by Thompson invites this Court to review and reject the State Court Order.

Thompson's FAC specifically requests that this Court find "Plaintiff has the right to own the property," that "the court issue an enforceable order requiring ceasing of all foreclosure proceedings against the Property, now and in the future," and that it issue an order "declaring that Defendant's actions attempting to foreclose

6

on Plaintiff's property are unlawful and void…" *Id.* at 28-29, 48. Thompson repeats his request in his Response Opposing Motion to Dismiss (ECF No. 31). This is a direct invitation for this Court to "review and reject" the State Court's order granting summary judgment against Thompson and allowing Lakeview to foreclose on the property. *Silva*, 351 Fed. Appx. at 454.

5. **Different claims than in State Court**

Thompson's claims for trespass and quiet title were not the same claims at issue in the State Court, but that does not bar this Court from applying the *Rooker-Feldman* doctrine. The First Circuit has said "a plaintiff cannot escape the *Rooker-Feldman* bar through the simple expedient of introducing a new legal theory in the federal forum that was not broached in the state courts." *Klimowicz*, 907 F.3d at 66. "Put simply, a federal court's application of the *Rooker-Feldman* doctrine is not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit. *Id.* Here, Thompson claims his injury is allowing the foreclosure to proceed which is exactly what the State Court authorized on September 4, 2024. *See* ECF No. 30-3 at ¶ 4. Accordingly, Thompson's FAC shall be dismissed even though his claims for trespass and quiet title were not litigated in the State Court foreclosure action.

B. **Other Grounds For Dismissal Not Decided By This Court**

The Court need not decide the other grounds Lakeview argues in support of its Motion to Dismiss. "[I]f the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." *Deniz v. Mun. of Guaynabo*,

7

285 F.3d 142, 150 (1st Cir. 2002). The Court concludes that the *Rooker-Feldman* doctrine applies and this Court lacks jurisdiction over Thompson's claims. *See Klimowicz*, 907 F.3d at 67.

## III. CONCLUSION

The *Rooker-Feldman* doctrine bars this Court from adjudicating Thompson's claims for trespass and quiet title. Accordingly, Thompson's FAC is dismissed with prejudice.[3]


IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge


04/02/2025

---

[3] Since the Court lacks subject matter jurisdiction and is dismissing the case, the following pending motions are denied as moot: 1) Motion to Dismiss filed by Lakeview Loan Servicing, LLC (ECF No. 7), 2) Motion for Summary Judgment filed by Thompson (ECF No. 9), 3) Motion to Review Judgment for Violation of Rule 59 filed by Thompson (ECF No. 10), 4) Motion for Court Clarification on the Admissibility of a Pay-to-Order Promissory Note filed by Thompson (ECF No. 11), 5) Motion for Default Judgment filed by Thompson (ECF No. 24), and 6) Motion for Court to Demand Financial Records filed by Thompson (ECF No. 35).